# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br>vs.<br><br>JOSE MARTINEZ-GROSEYA<br>(aka: Salvador DORADO),<br><br>                         Defendant. | CASE NO. 03cr567-001-JM<br><br>**ORDER DENYING MOTION TO PLEAD GUILTY TO VIOLATION OF SUPERVISED RELEASE AND FOR IMPOSITION OF SENTENCE IN ABSENTIA** |

On September 10, 2008, Defendant filed a motion to, in effect, immediately plead guilty to (or admit) violation(s) of the terms of his supervised release and to request the imposition of a sentence in absentia to run concurrently with the 46-month sentence he is currently serving at the Talladega, Alabama, Federal Correctional Institution. Defendant also requests enforcement of his rights to a speedy trial and under the Interstate Agreement on Detainers, and seeks appointment of counsel to assist him in this matter.

## BACKGROUND

On August 1, 2003, after pleading guilty to 8 U.S.C. §1324(a)(1)(A)(ii) and (v)(II), transportation of an illegal alien, Defendant was sentenced to twelve months and one day in custody and three years supervised release. Thereafter, on August 20, 2004, a Petition for Warrant or Summons for Offender under Supervision was filed against Defendant, alleging various re-entry, controlled substance, and vehicle code violations of his supervised release. Based on these allegations, Defendant's supervised release was revoked on January 28, 2005 and he was re-sentenced to a term of twelve months and one day (to run consecutively to the sentence imposed for the related

1 | San Diego Superior Court Case, SCD-181986) and two years supervised release.

2 | On February 28, 2008, another Petition for Warrant or Summons for Offender under
3 | Supervision was filed against Defendant, this time alleging violation of 8 U.S.C. §1326 and various
4 | firearms possession statutes (18 U.S.C. §§ 922(g)(5)(A), 922(g)(1), and 924(a)(2)). This court issued
5 | a no-bail bench warrant for Defendant, who was thus served with a Detainer on March 4, 2008.

## DISCUSSION

7 | Although Defendant does not so state, the basis of his motion invites application of Rule 32.1
8 | of the Federal Rules of Criminal Procedure. However, Rule 32.1's due process protections apply only
9 | to one "held in custody for violating probation or supervised release." FRCP 32.1(a)(1) and (b)(1)(A).
10 | Since Defendant is not currently held on the issued Warrant, but instead is in custody in Alabama
11 | pursuant to a wholly separate charge, Rule 32.1 affords him no relief. *See U.S. v. Tucker,* 524 F.2d
12 | 77 (1975).

13 | Furthermore, Defendant has failed to demonstrate any actionable prejudice to his ability to
14 | contest revocation of supervised release would result from delaying proceedings until he completes
15 | his intermediate sentence. First, Defendant has not suggested the delay would cause him any
16 | "difficulty in contesting the alleged facts constituting a violation of [his] release conditions; hardship
17 | in finding and presenting favorable witnesses; or inability to produce evidence of mitigating
18 | circumstances which might result in continued probation despite the violation... ." *See U.S. v.*
19 | *Wickham,* 618, F.2d 1307 (9th Cir. 1979). Additionally, the *Wickham* court noted actionable prejudice
20 | is ordinarily "caused by government action" rather than "the probationer's own criminal conduct."
21 | *Id.* at 1310. Here, the delay in resolution of the Warrant is not due to the government's conduct, but
22 | to Defendant's own criminal conduct and resulting sentence in Alabama.

23 | For the reasons set forth above, the Motion is **DENIED**.

24 | **IT IS SO ORDERED.**

25 | DATED: September 15, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge